IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

| | |
|---|---|
| CYNTHIA BROUSSARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EXPERIAN INFORMATION SOLUTIONS, INC. and LENDINGCLUB CORPORATION, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Plaintiff Cynthia Broussard, by and through undersigned counsel, alleges Defendants LendingClub Corporation ("LendingClub") and Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C.A. § 1331 because the Plaintiff's claim arises the FCRA, a federal statute.

2. This Court has personal jurisdiction over Defendants because they conduct business in Florida making it foreseeable that they would be hauled into a Florida court.

3. Venue is proper because the alleged acts and transaction occurred here, and Defendants transact and conduct business here.

1

## PARTIES

4. Plaintiff Cynthia Broussard is a natural person who resides in Palm Beach County, Florida.

5. LendingClub is a foreign profit corporation with its principal address at 595 Market St. Suite 200 San Francisco, CA 94105.

6. Experian is a foreign for-profit corporation with its principal place of business at 475 Anton Boulevard Costa Mesa, CA 92626.

## FACTUAL ALLEGATIONS

7. In 2024, Plaintiff underwent a medical procedure at HAB Dental in Boynton Beach, Florida.

8. To finance the procedure, Plaintiff obtained a loan from LendingClub through its LendingClub Patient Solutions program.

9. LendingClub Patient Solutions is a specialized financing program specifically designed to provide loans for medical procedures through healthcare providers.

10. According to LendingClub's own website, "LendingClub Patient Solutions provides quality, responsible options for people looking to finance elective dental and medical procedures through thousands of U.S. healthcare providers."

11. LendingClub paid HAB Dental directly for Plaintiff's medical procedure, confirming that the loan was issued exclusively for medical/dental purposes.

12. The LendingClub account allegedly went into default, and as a result, LendingClub reported the negative balance on Plaintiff's credit report as LendingClub Bank, Account No. xxxx21035, with a past-due balance of $271.

13. At all times relevant, LendingClub knew the account was for a medical debt because it directly paid the medical provider for the medical procedure.

14. On or about June 18, 2025, Plaintiff sent a written dispute to Experian challenging the negative reporting of the LendingClub account on the grounds that it was a medical debt under $500 and therefore prohibited from being reported.

15. Plaintiff's dispute letter clearly identified the LendingClub account as a medical debt for a procedure financed through LendingClub's medical financing program.

16. Plaintiff provided objectively verifiable evidence demonstrating the medical nature of the debt, including documentation from HAB Dental and information from LendingClub Patient Solutions' website confirming the loan was for medical purposes.

17. Upon receipt of Plaintiff's dispute, Experian was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate or incomplete.

18. Experian was also required to provide notice of the dispute to LendingClub.

19. LendingClub received Plaintiff's written dispute from Experian.

20. Upon receiving notice of Plaintiff's dispute from Experian, LendingClub was required to conduct a reasonable investigation of the dispute.

21. Neither LendingClub nor Experian conducted a reasonable investigation into the Plaintiff's dispute.

22. Given the uncontroverted nature of Plaintiff's dispute, that the account was for a medical debt under $500, a reasonable investigation would have confirmed that the account was subject to the reporting prohibition of medical debts under $500 and should be deleted from Plaintiff's credit report.

23. Despite Plaintiff's clear and well-documented dispute, Defendants failed to delete the prohibited medical debt from Plaintiff's credit report.

24. As a result of Defendants' failures, the prohibited medical debt remains on Plaintiff's credit report, causing ongoing harm to Plaintiff's credit score, creditworthiness, and credit opportunities.

25. The inaccurate and prohibited reporting of the medical debt has damaged Plaintiff's credit score and creditworthiness.

26. The continued reporting of this account has caused Plaintiff significant emotional distress, anxiety, and frustration.

27. Plaintiff has suffered concrete harm to her ability to obtain credit, loans, and other financial opportunities on favorable terms.

28. Plaintiff continues to suffer reputational harm and damage to her creditworthiness as a direct result of Defendants' unlawful conduct because the debt has been disseminated to third-parties.

## COUNT I AS TO LENDINGCLUB'S VIOLATION OF THE
## FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681s-2(b)

29. Plaintiff is a natural person and "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. LendingClub is a "furnisher" as defined by the FCRA because it regularly furnishes information regarding consumer accounts to credit reporting agencies, including Experian, Equifax, and TransUnion.

31. When a reinvestigation request is made by a consumer, credit furnishers must conduct reasonable investigations to ensure maximum possible accuracy. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154-1157 (9th Cir. 2009).

32. LendingClub received notice from Experian regarding Plaintiff's dispute that the account was a medical debt under $500.

33. The FCRA requires that LendingClub investigate disputed information, review all relevant information provided to it, report the results of its investigation to credit agencies, and where information is found to be inaccurate, incorrect or incomplete, to report same to all other consumer reporting agencies.

34. Despite this duty, LendingClub failed to perform a reasonable investigation despite clear and compelling evidence showing its reported information was improper.

35. Instead, LendingClub acted with reckless and willful disregard by not fully, completely, accurately, and diligently investigating the dispute and by verifying

5

as correct or otherwise allowing the negative reporting to remain on Plaintiff's credit report despite learning of the nature of the dispute.

36. LendingClub failed to conduct a reasonable investigation with respect to Plaintiff's dispute despite having objectively verifiable information that the debt should not be reported on Plaintiff's credit report.

37. A reasonable investigation would have confirmed that the account was for a medical debt under $500, as LendingClub had direct knowledge that: (a) the loan was issued through its LendingClub Patient Solutions program specifically for medical/dental procedures; (b) the funds were paid directly to HAB Dental; and (c) the balance was $271, well below the $500 statutory threshold.

38. Despite having this knowledge readily available in its own records, LendingClub failed to modify, delete, or permanently block the reporting of this prohibited information.

39. LendingClub's failure to conduct a reasonable investigation and to delete the prohibited medical debt information violates 15 U.S.C. § 1681s-2(b)(1)(A) and (E).

40. As a direct and proximate result of LendingClub's violations, Plaintiff has suffered actual damages, including damage to her credit score, impairment of her creditworthiness, emotional distress, anxiety, frustration, and loss of credit opportunities.

41. LendingClub's actions, errors, and omissions described herein were willful, entitling Plaintiff to statutory and punitive damages under 15 U.S.C. § 1681n;

alternatively, LendingClub's conduct was negligent, entitling Mr. Bricker to relief under 15 U.S.C. § 1681o.

42. Plaintiff is also entitled to recover costs and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

### COUNT II AS TO EXPERIAN'S VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i

43. Plaintiff is, and was, at all relevant times a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

44. Experian is a consumer reporting agency ("CRA") as defined in 15 U.S.C. § 1681a(f) of the FCRA.

45. When a reinvestigation request is made by a consumer, credit agencies must conduct reasonable investigations to ensure maximum possible accuracy. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156-1157 (9th Cir. 2009).

46. Experian received Plaintiff's written dispute on or about June 18, 2025, clearly identifying the LendingClub account as a medical debt under $500 that was prohibited from being reported.

47. Plaintiff provided Experian with documentation demonstrating that the account was for a medical procedure financed through LendingClub's medical financing program and that the balance was only $271.

48. Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation, to delete or correct the inaccurate information on Plaintiffs credit report after being made aware of the inaccuracies, by failing to maintain and follow reasonable procedures related to the review of disputed information, by failing to

7

maintain and follow reasonable procedures related to the review of disputed information, by failing to give due weight to relevant information concerning Plaintiff's disputes, and by relying upon sources for verification of the disputed information which it has reason to know are inaccurate or unreliable.

49. A reasonable reinvestigation would have confirmed that the account was a medical debt under $500.

50. As a direct and proximate result of Experian's violations, Plaintiff has suffered actual damages, including damage to her credit score, impairment of her creditworthiness, emotional distress, anxiety, frustration, and loss of credit opportunities.

51. Experian's actions, errors, and omissions were willful, pursuant to 15 U.S.C. § 1681n, entitling Plaintiff to statutory and punitive damages, and in the alternative, Experian's actions herein constitute negligence pursuant to 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Defendants for all of the following:

    a. Actual damages;

    b. Statutory damages;

    c. Punitive damages;

  d. Injunctive and Declaratory Relief;

  e. Attorney's fees and Costs;

  f. Pre-judgment and post-judgment interest;

  g. An order that Defendants and their agents, or anyone acting on their behalf, is immediately restrained from altering, deleting or destroying any documents or records; and

  h. Such other and further relief as the Court may deem to be just and proper.

Plaintiff respectfully demands trial by jury in this action.

Dated: December 3, 2025     Respectfully submitted,

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd, Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946